UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MONTREAVOUS GRAY,

        Petitioner,

  v.                                                           Case No. 23-cv-311-pp

RANDALL HEPP,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 7)**

---

On March 8, 2023, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2015 conviction for human trafficking, false imprisonment, intimidation of a witness and intimidation of a victim. Dkt. No 1. At the same time, he filed a motion to proceed without prepaying the filing fee. Dkt. No. 2.

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C §1914(a). The petitioner asks the court to allow him to proceed without prepaying that fee. Dkt. No. 2. Section 1915(a)(1) of Title 28 allows a court to authorize the commencement of a lawsuit without prepayment of the filing fee if the person "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The petitioner's request indicates that he does not have any assets. Dkt. No. 2 at 2. His trust account statement, however, shows that as of January 19, 2023—less than two months before he filed the petition—he had $193.80 in his

1

regular account. Dkt. No. 3 at 1. The court finds that the petitioner can pay the $5.00 filing fee. The court will deny the petitioner's motion to proceed without paying the filing fee and order the petitioner to pay the $5.00 filing fee.

On April 26, 2023, the court received from the petitioner a motion asking the court to appoint a lawyer to represent him. Dkt. No. 6. The petitioner said that he lacked understanding and knowledge of representing himself, that he had tried to understand the process but was extremely confused and that an appointed attorney would help him understand. Id.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). That includes the discretion to appoint a lawyer in a *habeas* case. Moreland v. Eplett, 18 F.4th 261, 272 (7th Cir. 2021) (citation omitted). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019), (quoting Pruitt v. Mote, 503 F.3d 647, 653

(7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically,

3

exceeds the litigant's capacity as a layperson to coherently litigate the case." Id.

This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The petitioner has not demonstrated that he tried to find a lawyer on his own. Even if he had shown the court that he tried to find a lawyer himself, the court would not appoint him a lawyer at this stage in the case. The petitioner filed a forty-seven page, typewritten, extremely detailed petition. Dkt. No. 1. He attached twelve pages of exhibits. Dkt. No. 1-1. It is possible that the petitioner had assistance in preparing his petition, but he has not said that. The petition does not indicate that someone else prepared it. The petitioner also has sent the court a letter asking about the status of this motion. Dkt. No. 7. The court is able to understand the petitioner's filings. Further, until the petitioner pays the $5.00 filing fee, there is nothing the petitioner needs to do. If the petitioner pays the filing fee as required in this order, the court will "screen" his petition, to decide whether he has stated claims for which this federal court may grant

4

relief. If the court concludes that the plaintiff has stated claims that can proceed, it will require the respondent to file some sort of response. After that, the petitioner will have the opportunity to file a brief explaining why he believes the court should grant his petition.

There may come a point where the petitioner believes the process has become so complicated that he cannot represent himself. If that happens, he can file another motion asking the court to appoint him a lawyer. At this point, court will deny the petitioner's request.

The court **DENIES** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the petitioner must pay the $5.00 filing fee in time for the court to *receive it* by the end of the day on **July 21, 2023**. If the court does not receive the $5.00 filing fee by the end of the day on July 21, 2023, the court will dismiss this case without prejudice and without further notice or hearing.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 19th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**