MONTREAVOUS GRAY,

        Petitioner,

                                        Case No. 23-cv-311-pp

v.

RANDALL HEPP,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

        On March 8, 2023, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2015 conviction for human trafficking, false imprisonment, intimidation of a witness and intimidation of a victim. Dkt. No 1. The court received the petitioner's filing fee on July 27, 2023. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

        On October 16, 2014, the State filed a criminal complaint charging the petitioner with one count of human trafficking, one count of false imprisonment and one count of kidnapping. See State v. Gray, Case No. 2014CF004596 (Milwaukee County Circuit Court), available at

1

https://wcca.wicourts.gov/. On February 11, 2015, the State filed an additional criminal complaint charging the petitioner with one count of intimidating a victim and one count of intimidating a witness. See State v. Gray, Case. No. 2015CF000762 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov/. According to the publicly available docket, on April 2, 2015, the circuit court granted the State's motion to join the two cases. On May 1, 2015, a jury found the petitioner guilty of human trafficking, false imprisonment, intimidation of a victim and intimidation of a witness; the jury acquitted the petitioner of kidnapping. Gray, Case Nos. 2014CF004596, 2015CF000762. On June 19, 2015, the circuit court sentenced the petitioner to eighteen years for human trafficking (eight years of initial confinement followed by ten years of extended supervision) and six years for false imprisonment (three years of initial confinement followed by three years of extended supervision), to run concurrently with the term imposed on the human trafficking sentence. Gray, Case No. 2014CF004596. The court sentenced the petitioner to four years for intimidation of a victim (two years of initial confinement and two years of extended supervision) and four years for intimidation of witness (two years of initial confinement and two years of extended supervision). Gray, Case No. 2015CF00762. The court entered the judgment of conviction on June 19, 2015. Gray, Case Nos. 2014CF004596, 2015CF000762.

The court of appeals consolidated the cases for appeal and, on January 26, 2021, affirmed the judgments of conviction. Id. On August 17, 2021, the Wisconsin Supreme Court denied the petition for review. Id.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

3

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.     The Petition

The petition raises ten grounds for relief. It can be difficult to determine the basis for each ground because the petition is wordy, contains legal argument and case citations and quotes extensively from some cases. It appears, however, that Ground One asserts that the prosecutor violated the petitioner's Due Process right to a fair trial by improperly implying that the defendant's counsel did not believe the defendant was innocent. Dkt. No. 1 at 3-5. A claim that a prosecutor's misconduct violated a petitioner's due process

4

right to a fair trial is cognizable on *habeas* review. See Shepard v. Lane, 818 F.2d 615, 621 (7th Cir. 1987).

Ground Two alleges that the petitioner's trial counsel was ineffective for failing to object to the prosecutor's disparaging comments and for failing to move for a mistrial. Dkt. No. 1 at 5-9. Claims that trial counsel was ineffective generally are cognizable on *habeas* review. See Williams v. Taylor, 529 U.S. 362 (2000). Ground Three alleges ineffective assistance of trial counsel for failing to comply with the court's order to produce a witness list and failing to call witnesses the petitioner had identified, thus denying him the opportunity to present a defense. Dkt. No. 1 at 10-13. Again, ineffective assistance of trial counsel generally is cognizable on *habeas* review.

Ground Four alleges that the prosecutor violated the petitioner's due process rights under the Fifth Amendment by "maliciously bolstering, and vouching for . . . false testimony," which the prosecutor knew to be false. Dkt. No. 1 at 13-17. Again, this is an assertion of prosecutorial misconduct that allegedly denied the petitioner his right to a fair trial, and such claims are cognizable on *habeas* review. Ground Five asserts that the prosecutor violated the petitioner's due process rights by "deliberately staging, false inadmissible evidence on the record." Dkt. No. 1 at 18-20. Such claims are cognizable on federal *habeas* review as alleged Fourteenth Amendment violations. See Braun v. Powell, 227 F.3d 908, 920 (7th Cir. 2000) (quoting United States v. Agurs, 427 U.S. 97, 103 (1976)) ("[W]hen the prosecutor knowingly relies on false

testimony, the conviction must be set aside 'if there is any reasonable likelihood the false testimony could have affected the judgment of the jury.'").

Ground Six alleges that the petitioner's trial counsel was ineffective in failing to object to the prosecutor's false evidence. Dkt. No. at 21-22. The claim is cognizable on federal *habeas* review as an ineffective assistance of trial counsel claim under the Sixth Amendment. Ground Seven alleges that the petitioner's trial counsel was ineffective by failing to interview and call a particular witness. Dkt. No. 1 at 22-25. Although this would seem to be a sub-part of Ground Three, as the court noted in discussing Ground Three, such a claim is cognizable on federal *habeas* review.

Ground Eight alleges a due process violation based on the State's alleged failure to sustain its burden of proof on the human trafficking charge. Dkt. No. 1 at 26-32. Ground Nine raises a due process violation based on the State's alleged failure to sustain its burden of proof of attempted sexual contact in human trafficking. Dkt. No. 1 at 35-39. The court construes those claims as alleging that there was insufficient evidence to support the petitioner's conviction. Such claims are cognizable on federal *habeas* review. See Kidd v. Homez, 2 F.4th 677, 680 (7th Cir. 2021) (considering a sufficiency of the evidence claim on *habeas* review).

Ground Ten asserts that the petitioner's trial counsel was ineffective for failing to impeach a witness, dkt. no. 1 at 39-44; as the court has found, claims of ineffective assistance of trial counsel are cognizable on *habeas* review.

While the petition states claims for which a federal court has the authority to grant *habeas* relief, the court has concerns regarding the timeliness of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d).

The Wisconsin Supreme Court denied the petitioner's petition for review on August 17, 2021, which means the petitioner's conviction would have become final ninety days later, on November 15, 2021. See United States Supreme Court Rule 13. In other words, the petitioner had until November 15, 2022 by which to file a federal *habeas* petition. The court received the petition on March 8, 2023, almost four months after the one-year period imposed by 28 U.S.C. §2244(d)(1)(A) had expired. Because the limitation period is an affirmative defense, however, and the State has the burden of proving that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir.

7

2004), the court cannot conclude at the screening stage that the petition was not timely filed. Nor can the court conclude at this stage that the petitioner has failed to exhaust his state court remedies.

## III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds stated in the petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition; and

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion; and

8

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must send their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty (30) pages, and reply briefs may not exceed fifteen (15) pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 4th day of August, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**