UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONTREAVOUS GRAY,

        Petitioner,

  v.                                    Case No. 23-cv-311-pp

RANDALL HEPP,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS (DKT. NO. 16) AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 16)**

On October 10, 2023, the court received from the petitioner a motion for an extension of time to respond to the respondent's motion to dismiss (Dkt. No. 13) and a motion to appoint counsel. Dkt. No. 16.

On September 29, 2023, the court received from the respondent a motion to dismiss the petition for a writ of *habeas corpus*. Dkt. No. 13. Several days later, the court ordered the petitioner to respond to the motion to dismiss by the end of the day on November 13, 2023. Dkt. No. 15. Eight days later, the court received from the petitioner this motion for an extension of time. The petitioner explains that while he received notice of his November deadline to respond to the motion to dismiss, he never received the motion to dismiss itself. Dkt. No. 16 at 1. He further explains that Waupun Correctional Institution, where he is incarcerated, "ha[s] been on lockdown since

1

3/29/2023," which he says would make it "impossible" for him to timely respond. Id. He explains that with his court deadline, the prison "might grant [him] 1 hour of law library a week," which he argues is insufficient time given his "lack of legal knowledge." Id. He asks the court to give him a forty-five-day deadline to respond to the pending motion to dismiss, to begin after the court orders the respondent to send him the motion to dismiss. Id. at 2.

The court will grant the petitioner's request for an extension of time to respond to the motion to dismiss. Counsel for the respondent included with the motion to dismiss a certificate of service, certifying that the respondent's motion to dismiss would be "mailed [to the petitioner] on September 29, 2023." Dkt. No. 13-1. Because that the petitioner's motion for an extension of time is dated October 4, 2023, dkt. no. 16 at 1—only five days after the respondent mailed him the motion to dismiss—it is possible that the motion to dismiss had not yet arrived at Waupun by the time the petitioner wrote his motion for an extension. Nevertheless, the court will include with this order a copy of the motion to dismiss. The court will order the petitioner to file his brief in opposition to the respondent's motion to dismiss in time for the court to *receive* it by end of the day on **December 28, 2023**.

The petitioner also asks (again) that the court appoint him counsel. Dkt. No. 16 at 1-2. He explains that he contacted an attorney, but that he doesn't "have $30,000 to pay them." Id. at 2. He also indicates that, "[o]nce [he] receive[s] motion to dismiss by Respondent, [he] will send document to Innocent Projects for assistant." Id. The court denied the petitioner's previous

2

request for counsel, noting that the petitioner had not demonstrated that he had tried to find a lawyer on his own and that he had demonstrated that he could communicate clearly. Dkt. No. 8 at 4-5. The court added that if there comes a point where the petitioner believes the process has become so complicated that he cannot represent himself, he can renew his request for court-appointed counsel. Id. at 5.

As the court previously explained to the petitioner, in deciding whether to recruit counsel for individuals unable to afford counsel, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019), (quoting Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. And when considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id.

3

The court's previous order denying the petitioner court-appointed counsel explained that he must contact "at least *three* lawyers" and provide the court with the lawyers' names and addresses, how and when he attempted to contact them, and their unfavorable responses to his requests for representation. Dkt. No. 8 at 3 (emphasis added). The petitioner indicates in his motion that he sought representation from a single lawyer, and that the attempt was unsuccessful. Dkt. No. 16 at 2. He did not provide the lawyer's name, address or detail about how and when he contacted the lawyer and what the lawyer said—though he does suggest the lawyer requested $30,000 for the work. Id. The petitioner states in his motion that once he receives the motion to dismiss, he will send it to the Innocence Project to see if they can help him with his response. Dkt. No. 16 at 2. If the Innocence Project denies his request for assistance, the petitioner then will have evidence of two unsuccessful attempts to acquire counsel; he needs *three*.

In denying the petitioner's previous request for counsel, the court also explained that he may renew his request for counsel if he "believes the process has become so complicated that he cannot represent himself." Dkt. No. 8 at 5. By explaining that he had not yet received the respondent's motion to dismiss, the petitioner conceded that he hadn't read the respondent's arguments, which means that he doesn't know whether he has the capacity to respond to them. The petitioner's renewed motion for counsel, like his prior filings, shows again that he is capable of clear writing and timely filing. Because the petitioner has not yet contacted three lawyers (and provided the court the lawyer's names,

4

addresses, how and when the petitioner contacted them, and their unfavorable responses), has not explained why the respondent's motion to dismiss is so complicated that he needs the help of counsel to respond and continues to demonstrate his ability to prosecute his case through clear writing and timely filing, the court will deny without prejudice the petitioner's request for counsel.

The court **GRANTS** the petitioner's request for an extension of time to file his brief in opposition to the respondent's the motion to dismiss. Dkt. No. 16.

The court **ORDERS** that the petitioner must file his brief in opposition to the respondent's motion to dismiss in time for the court to *receive* it by the end of the day on **December 28, 2023**.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 16th day of October, 2023.

                                  **BY THE COURT:**

                                  **HON. PAMELA PEPPER**
                                  **Chief United States District Judge**